UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Roy Duncan,** | ) | **CASE NO. 1:11 CV 695** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Ed Sheldon, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

### Introduction

This matter is before the Court upon the Report and Recommendation of Magistrate Judge White (Doc. 23) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed Objections to the Report and Recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

### Standard of Review

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any

1

proposed finding or recommendation."

**Discussion**

Petitioner is incarcerated after a Richland County jury found him guilty of all counts asserted against him for failure to comply with the order or signal of a police officer, driving while under the influence of alcohol (with specifications of previous conviction), aggravated vehicular assault, and vehicular assault.  Petitioner asserts 13 grounds for relief.  For the following reasons, the Court agrees with the Magistrate Judge that none warrants issuance of a writ of habeas corpus.

Grounds One and Ten challenge the sufficiency of the evidence. The Magistrate Judge noted that claims of this nature must be given "double deference" by the district court.  The habeas court must only determine that the state court was not unreasonable in its conclusion that a rational trier of fact could find the petitioner guilty beyond a reasonable doubt based on the evidence introduced at trial.  With specific citations to the trial transcript, the Magistrate Judge concluded that the appellate court's decision was not unreasonable.

Petitioner objects by merely disagreeing that the evidence was sufficient for a reasonable trier of fact to find him guilty but fails to show that the appellate court's decision was unreasonable.

Grounds Two and Three raise a discrepancy between the indictment and verdict form. The Magistrate Judge found these grounds to be procedurally defaulted given that petitioner failed to make a contemporaneous objection. Petitioner objects on the basis that an objection in the state court was not needed. The Court disagrees for the reasons stated by the Magistrate Judge.

Grounds Four and Six assert double jeopardy. The Magistrate Judge rejected petitioner's contention in Ground Four that he should not have been convicted and sentenced on two different counts which involved a lesser included offense because the state appellate court had actually agreed with petitioner that sentences should not be imposed as to both counts and had remanded for re-sentencing. Back before the trial court, petitioner's two counts were merged for sentencing purposes and, therefore, he was not subjected to multiple punishments in violation of the double jeopardy clause. As to Ground Six, the Magistrate Judge concluded that while the two counts identified by petitioner include some of the same elements, each also contained elements that the other did not. Thus, petitioner was not subjected to cumulative punishments for the same act when the trial court imposed consecutive sentences for those offenses. Petitioner's objections fail to show why the Court should reject the Magistrate Judge's conclusions.

Ground Five asserts that petitioner was denied due process when the trial court enhanced his sentences on the counts for aggravated vehicular assault and vehicular assault based on the jury's determination in a separate count, that was not contained in the indictment, that he was operating a vehicle with a suspended license. But, the Magistrate Judge pointed out that although the indictment did not contain a separate count for driving under suspension, the two vehicular assault counts did charge that he was doing so. Thus, petitioner was not convicted of a charge not contained in the indictment. The Court agrees with the Magistrate Judge's determinations despite petitioner's objections.

The Magistrate Judge rejected petitioner's claim in Ground Seven that he was denied due process when the verdict form did not specify the essential elements of counts one

through six because the jury had been instructed as to the elements of each of these offenses. Petitioner's objections to the contrary are not persuasive.

The Court agrees with the Magistrate Judge's determination that Grounds Eight, Thirteen, Eleven and Twelve, which challenge the state court's handling of certain matters, are not cognizable.

Likewise, the Court agrees with the Magistrate Judge that the state court's admission of other bad act evidence, asserted in Ground Nine, was not contrary to clearly established federal law.

For the reasons stated above, and those stated in the Report and Recommendation which is incorporated herein, the Petition for Writ of Habeas Corpus is denied.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is denied. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/15/14